Daniel B. Beck, SBN 63865
Evan Livingstone, SBN 252008
BECK LAW P.C.
2681 Cleveland Ave
Santa Rosa, CA 95403
Phone:  707-576-7175
Fax:     707-576-18782681
Email: evanmlivingstone@gmail.com

Attorneys for Plaintiff Don McComas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DON McCOMAS** | Civil Action No. _____ |
| Plaintiff | **COMPLAINT FOR** |
| vs. | Violation of Civil Rights<br>*Monell* Claim |
| **CITY OF ROHNERT PARK** and **DAVID RODRIGUEZ** | **DEMAND FOR JURY TRIAL** |
| Defendants | |

Plaintiff Don McComas, by and through his undersigned attorneys, hereby brings this action under 42 U.S.C. § 1983 and common law against Defendants City of Rohnert Park and Rohnert Park Police Officer David Rodriguez to redress his civil and legal rights as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff seeks relief under the Civil Rights Act of 1871, as amended, codified in 42 U.S.C. § 1983, for violation of his rights secured by the United States Constitution, including the First and Fourteenth Amendments, and by the laws and Constitution of the State of California.

2. Plaintiff seeks compensatory and exemplary damages, injunctive relief, an award of costs, attorney fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

3. This action is brought under 42 U.S.C. §§ 1983 and 1988. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's supplemental jurisdiction, under 28 U.S.C.§ 1367, over any and all state law claims and as against all parties so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy.

5. Venue in this district is proper in the Northern District of California under 28 U.S.C. § 1391(b) and (c) in that defendant City of Rohnert Park is administratively located within this district, and the events giving rise to this claim occurred within the Northern District.

**PARTIES**

6. Plaintiff Don McComas is, and at all times mentioned in this complaint was, citizen of the United States, residing in the City of Rohnert Park, County of Sonoma, State of California.

7. At all relevant times, Defendant City of Rohnert Park was a municipal entity created and authorized under the laws of the State of California. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement. Defendant City of Rohnert Park was at all relevant times the public employer of Defendant David Rodriguez.

8. At all relevant times, Defendant David Rodriguez was a duly appointed and acting officer, servant, employee, and agent of the City of Rohnert Park Department of Public Safety, a municipal agency of Defendant City of Rohnert Park.

**NOTICE OF CLAIM**

9. Plaintiff timely filed a Government Tort Claim with the City of Rohnert Park, setting forth the facts underlying Plaintiff's claims against the City of Rohnert Park and Rohnert Park Police Officer David Rodriguez.

10. The City of Rohnert Park rejected plaintiff's claim on November 19, 2015, and no compensation has been offered by Defendant City of Rohnert Park in response to plaintiff's claim.

11. This action has been commenced within six months of the rejection of plaintiff's claim.

## DEMAND FOR JURY TRIAL

12. Plaintiff demands a jury trial.

## FACTS

13. On July 29, 2015, Plaintiff Don McComas was in front of his home in the City of Rohnert Park, California.

14. Plaintiff Don McComas observed a City of Rohnert Park police vehicle driving around his neighborhood. He took out his cell phone and began to record video of the police vehicle.

15. The police vehicle approached Plaintiff McComas and stopped in the middle of the street directly in front of Mr. McComas' driveway with its engine running.

16. Plaintiff Don McComas continued to stand in front of his home and to openly take video of the police vehicle.

17. After some time, the driver of the vehicle, Defendant Rohnert Park Police Officer David Rodriguez, rolled down the window of the vehicle and aimed a camera at Mr. McComas.

18. Plaintiff Don McComas continued to stand in front of his home and to openly take video of Defendant Officer David Rodriguez and the police vehicle.

19. Defendant David Rodriguez emerged from the police vehicle, placed his hand on his firearm and walked towards Plaintiff, stating "Hey. You gotta take your hand out of your pocket."

20. Plaintiff Don McComas responded, "No. I haven't done anything."

21. Defendant Officer Rodriguez removed his firearm from its holster and held it in a ready position as he advanced towards Plaintiff Don McComas in a threatening manner.

22. Plaintiff Don McComas immediately removed his left hand from his pocket and placed the contents of his pocket on his own vehicle.

23. Defendant Officer Rodriguez continued to advance towards Plaintiff Don McManus in a threatening manner while holding his firearm at a ready position at his side.

24. Plaintiff Don McComas retreated in fear as Officer Rodriguez continued to approach Mr. McComas with his gun drawn.

25. Plaintiff Don McComas repeated that he had done nothing and asked Officer Rodriguez why Officer Rodriguez had gotten out of his vehicle.

26. Defendant Officer Rodriguez stated, "You are taking a picture of me, I am taking a picture of you." Officer Rodriguez made this statement while standing on the sidewalk in front of Plaintiff Don McComas' home brandishing a firearm.

## FIRST CAUSE OF ACTION

## VIOLATION OF RIGHT TO FREEDOM OF SPEECH

### (Against Police Officer David Rodriguez)

27. The contents of the above paragraphs are incorporated herein by reference as if fully set forth herein.

28. By his conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to freedom of speech, assembly, and association under the First and Fourteenth Amendments, Officer David Rodriguez is liable for violation of 42 U.S.C.§ 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

29. Officer David Rodriguez has violated Plaintiff's First Amendment rights to assembly, speech, and association by repeatedly threatening Plaintiff with a firearm in retaliation for Plaintiff's exercise of his free speech and by threatening Plaintiff with a firearm in retaliation for Plaintiff exercising his right to record police activity. Defendant Officer David Rodriguez's actions were taken in direct retaliation for Plaintiff's exercising his First Amendment rights.

30. As a consequence of Officer David Rodriguez's actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech, assembly, and association, including the right to record police activity. Plaintiff fears that he will be subject to similar unlawful acts by Officer David Rodriguez or other members of the Rohnert Park Department of Public Safety done to limit and prevent his First Amendment protected activities.

31. As a proximate result of Officer David Rodriguez's unlawful actions, Plaintiff has suffered damages including physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## SECOND CAUSE OF ACTION

### *MONELL* CLAIM

### (Against City of Rohnert Park)

32. The contents of the above paragraphs are incorporated herein by reference as if fully set forth herein.

33. All of the acts and omissions by Police Officer David Rodriguez described above were carried out under policies and practices of Defendant City of Rohnert Park that existed at the time of the conduct alleged, and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of Defendant City of Rohnert Park and its agency, the City of Rohnert Park Department of Public Safety.

34. Defendant City of Rohnert Park, by its policy-making agents, servants, and

employees, authorized, sanctioned and/or ratified Defendant David Rodriguez' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

35. The acts complained of were carried out by Defendant David Rodriguez in his capacity as a police officer under the customs, policies, usages, practices, procedures, and rules of Defendant City of Rohnert Park and the Rohnert Park Department of Public Safety.

36. The aforementioned customs, practices, procedures, and rules of Defendant City of Rohnert Park and the Rohnert Park Department of Public Safety include, but are not limited to: (1) threatening to use force against citizens in retaliation for the content of their speech in public forums; and (2) threatening to use force against citizens in retaliation for exercising their right to record police activity.

37. The existence of these unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged, and/or condoned by supervisory and policy-making officials of Defendant City of Rohnert Park and the Rohnert Park Department of Public Safety including Officer David Rodriguez.

38. The constitutional violations by the City of Rohnert Park, through the actions of the Rohnert Park Department of Public Safety and Police Officer David Rodriguez, were proximately caused by the policies, practices, and/or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City of Rohnert Park, including the failure to: (1) adequately supervise and train its officers and agents, including Officer David Rodriguez, thereby failing to adequately discourage constitutional violations on the part of its officers and agents; and (2) properly monitor and discipline its officers, including Officer David Rodriguez.

39. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution.

40. Defendants have acted with deliberate indifference to Plaintiff's constitutional rights. As a proximate result of these acts, Plaintiff's constitutional rights have been violated, which caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

41. Plaintiff has no adequate remedy at law and will suffer serious irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful practices, policies, and/or customs that have proximately caused these abuses to occur.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Don McComas prays for judgment against Defendants as follows:

1. An injunction enjoining defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with, or prevent the lawful First Amendment activities described herein;

2. An award of compensatory damages;

3. An award of exemplary damages;

4. An award of attorney fees under 42 U.S.C. § 1988;

5. An award of costs of suit under 42 U.S.C. §§ 1920 and 1988; and

6. For other such other and further relief as the Court deems appropriate and just.

Dated: May 18, 2016                                    BECK LAW PC

                                              by:   /s/Evan Livingstone
                                                    Evan Livingstone
                                                    Attorneys for Plaintiff Don McComas