RAYMOND J. FULLERTON, ESQ., SBN 219264
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
90 South E Street, Suite 300
Santa Rosa, California 95404
Telephone: (707) 545-1660
Facsimile: (707) 545-1876

Attorneys for Defendants
CITY OF ROHNERT PARK and DAVID RODRIGUEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON McCOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ROHNERT PARK and<br>DAVID RODRIGUEZ,<br><br>    Defendants. | CASE NO.: 16-cv-02705-TEH<br><br>**DEFENDANTS CITY OF ROHNERT PARK AND DAVID RODRIGUIZ'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants the City of Rohnert Park and David Rodriguez hereby answer plaintiff Don McComas' complaint as follows:

1. Defendants admit that plaintiff has filed suit alleging damages pursuant to 42 U.S.C. § 1983 of the United States Code, but deny that defendants have violated plaintiff's civil rights and deny that plaintiff is entitled to any relief under that statute.

2. Defendants admit that plaintiff seeks compensatory and exemplary damages, injunctive relief, an award of costs, and attorney fees, but deny that plaintiff is entitled to any such relief.

3. Defendants admit that plaintiff has filed suit alleging damages pursuant to 42 U.S.C. §§ 1983 and 1988 and that jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343 of the United States Code but deny that defendants have violated plaintiff's civil rights and deny that plaintiff is entitled to any relief under that statute.

4. Defendants deny that this court has supplemental jurisdiction, under 28 U.S.C. § 1367, over pendant state-law claims given that plaintiff has not alleged any claims under California law.

5. Defendants admit that this matter is properly venued in the United States District Court for the Northern District of California.

6. Defendants lack sufficient information or belief with which to respond to the allegations of paragraph 6 but otherwise have no reason to deny that plaintiff Don McComas is a citizen of the United States residing in the City of Rohnert Park in Sonoma County, California.

7. Defendants admit that the City of Rohnert Park is a municipality in the State of California subject to state law, that it maintains a police department, and that David Rodriguez has been an employee of the City of Rohnert Park at all times relevant to plaintiff's complaint.

8. Defendants admit that David Rodriguez was a duly appointed and acting officer, servant, employee and agent of the City of Rohnert Park and has been for all times relevant to plaintiff's complaint but otherwise deny the allegations of paragraph 8.

9. Defendants admit that plaintiff timely submitted a Government Tort Claim to the City of Rohnert Park.

10. Defendants admit that the City of Rohnert Park rejected plaintiff's Government Tort Claim, and that no compensation has been offered by defendant City of Rohnert Park in response to plaintiff's claim.

11. Defendants deny that plaintiff has complied with the claim presentation requirements set forth in the California Government Code but admit that plaintiff's action under 42 U.S.C. §1983 is not subject to those requirements.

12. Defendants admit that plaintiff has demanded a jury trial.

13. Defendants admit that on July 29, 2015 plaintiff was standing in the sidewalk area on Hermitage Way in Rohnert Park, California. Defendants lack sufficient information or belief with regard to the ownership of the adjacent home.

14. Defendants admit that a City of Rohnert Park police officer was on assignment in the area of Hermitage Way and the plaintiff recorded the police vehicle with his cell phone.

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

Defendants lack sufficient information or belief with regard to plaintiff's observations other than what may be contained in the video footage.

15. Defendants admit that officer David Rodriguez approached plaintiff to investigate suspicious behavior, and parked his police vehicle in the cul-de-sac near plaintiff. Defendants deny that Officer Rodriguez approached plaintiff because of plaintiff's recording.

16. Defendants admit that plaintiff stood near the sidewalk on Hermitage Way and the plaintiff recorded the police vehicle with his cell phone. Defendants lack sufficient information or belief with regard to the ownership of the adjacent home.

17. Defendants admit allegations of paragraph 17.

18. Defendants admit that plaintiff stood near the sidewalk on Hermitage Way and the plaintiff recorded the police vehicle with his cell phone. Defendants lack sufficient information or belief with regard to the ownership of the adjacent home.

19. Defendants admit Officer Rodriguez emerged from his vehicle, and placed his hand on his weapon in response to plaintiff placing his hand in his pocket, and issued a valid command to plaintiff related to safety. Defendants deny the implication that paragraph 19 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 19.

20. Defendants admit that plaintiff initially refused to comply with Officer Rodriguez's valid command for plaintiff to remove his hand from his pocket and asserted he did not do anything. Defendants deny the implication that paragraph 20 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 20.

21. Defendants admit that Officer Rodriguez unholstered his weapon in response to plaintiff's refusal to comply with a valid command for plaintiff to remove his hand from his pocket and advanced toward plaintiff. Defendants deny the implication that paragraph 21 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 21.

22. Defendants deny that plaintiff "immediately" complied with the valid command issued by Officer Rodriguez. Defendants admit that, after initially refusing to comply with Officer Rodriguez's valid command, plaintiff subsequently removed his hand from his pocket and placed

Law Offices of
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

the contents of his pocket on a nearby vehicle. Defendants lack sufficient information or belief with regard to the ownership of the vehicle.

23. Defendants admit that Officer Rodriguez advanced toward plaintiff and that plaintiff refused to comply with commands issued by Officer Rodriguez. Defendants admit that Officer Rodriguez continued to hold his weapon by his side. Defendants otherwise deny plaintiff's characterization of the incident as described in paragraph 23, deny the implication that paragraph 23 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 23.

24. Defendants admit that plaintiff moved away from Officer Rodriguez and refused to comply with commands issued by Officer Rodriguez. Defendants otherwise deny plaintiff's characterization of the incident as described in paragraph 24, deny the implication that paragraph 24 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 24.

25. Defendants admit that plaintiff made the statements alleged in paragraph 25 as well as numerous other statements while in an agitated state. Defendants deny the implication that paragraph 25 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 25.

26. Defendants admit that Officer Rodriguez made the statement alleged in paragraph 26. Defendants deny the implication that paragraph 26 accurately describes the entire incident, and thus deny the remaining allegations of paragraph 26.

27. Defendants re-allege and incorporate by reference their responses to paragraphs 1-26 of the complaint.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants re-allege and incorporate by reference their responses to paragraphs 1-31 of the complaint.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

Law Offices of
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

35. Defendants admit that David Rodriguez acted in his capacity as a police officer at all times relevant to the complaint. Defendants deny the remaining allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

## PRAYER FOR RELIEF

Defendants deny that plaintiffs are entitled to relief in this matter.

## JURY DEMAND

Defendants demand a jury trial.

## AFFIRMATIVE DEFENSES

1. As and for a first, separate and affirmative defense, these answering defendants allege that the Complaint fails to state facts sufficient to constitute a claim against these answering defendants.

2. As and for a second, separate and affirmative defense, these answering defendants allege that plaintiff fails to state facts sufficient to support a prayer for punitive damages against the individually named defendant or the entity defendant.

3. As and for a third, separate and affirmative defense, these answering defendants allege that the sole proximate cause of the injuries and damages, if any, claimed by plaintiff was the negligence and fault of the plaintiff and/or others, or on the part of any person or entity for whose acts or omissions these answering defendants are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the plaintiff and/or others in and about the matters alleged in the complaint herein proximately contributed to the happening of the incident and to the

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

injuries, loss and damages complained of, if any there were, and said negligence on the part of decedent or other requires that any damages awarded to plaintiff shall be diminished in proportion to the amount of fault attached to the plaintiff and/or others.

4. As and for a fourth, separate and affirmative defense, these answering defendants allege that at all times mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

5. As and for a fifth, separate and affirmative defense, these answering defendants allege that the acts and omissions of defendants complained of in the complaint were based upon the objectively reasonable belief that the safety of the life of the defendants and others were imminently threatened, and defendants are therefore immune by virtue of the provisions of § 836.5(a) and 836.5(b) of the California Penal Code.

6. As and for a sixth, separate and affirmative defense, these answering defendants allege that at all times mentioned herein, the actions taken by defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and defendants are therefore immune under the "qualified immunity" doctrine.

7. As and for an seventh, separate and affirmative defense, these answering defendants allege that some or all of plaintiffs' claims are barred by their failure to present a timely and/or sufficient claim as required under California Government Code § 901 *et seq.*

8. As and for an eighth, separate and affirmative defense, these answering defendants allege that they are entitled to various other privileges and immunities as provided by law; the full nature and extent of such privileges and immunities as applicable hereto are presently unknown to these answering defendants, and these answering defendants will seek leave of this court to allow them to amend this answer to insert the full nature and extent of such privilege and immunities when the same become fully ascertained and known.

///

///

///

Law Offices of
Geary,
Shea,
O'donnell,
Grattan &
mitchell
p.c.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following:

1. That plaintiffs take nothing by reason of the Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such other relief as the court may deem just and proper;
5. Defendants demand a jury trial in this action.

DATED: June 13, 2016　　　　　GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

By　/s/ *Raymond J. Fullerton*
　　RAYMOND J. FULLERTON
　　Attorneys for Defendants
　　CITY OF ROHNERT PARK and
　　DAVID RODRIGUEZ

LAW OFFICES OF
Geary,
Shea,
O'donnell,
Grattan &
mitchell
p.c.