Daniel B. Beck, Esq.   SBN 63865
Evan M. Livingstone, Esq.   SBN 252008
**BECK LAW, P.C.**
2681 Cleveland Avenue
Santa Rosa, CA   95403
Telephone:   (707) 576-7175
Facsimile:   (707) 576-1878
Email: danbeck@becklaw.net
         evanmlivingstone@gmail.com

Attorneys for Plaintiff, DON McCOMAS

Raymond J. Fullerton, Esq.   SBN 219264
**GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.**
90 South E Street, Suite 300
Santa Rosa, CA   95404
Telephone:   (707) 545-1660
Facsimile:   (707) 545-1876
Email: rfullerton@gearylaw.com

Attorneys for Defendants
CITY OF ROHNERT PARK and DAVID RODRIGUEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA--SAN FRANCISCO DIVISION

| | |
|---|---|
| **DON McCOMAS**, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>**CITY OF ROHNERT PARK** and **DAVID RODRIGUEZ**,<br><br>                    Defendants. | Case No.: 3:16-CV-02705-TEH<br><br>*Hon. Thelton E. Henderson*<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REPORT OF PARTIES PURSUANT TO F.R.C.P., RULE 26(f)**<br><br>Initial Case Management Conference Date:<br>            August 22, 2016<br>Time:       1:30 PM<br>Courtroom:  12, Phillip Burton Federal Building,<br>            450 Golden Gate Avenue, San Francisco, CA  94102<br><br>Action Filed: May 18, 2016<br>Trial Date:   None Set |

-1-
JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO F.R.C.P. RULE 26(f)

TO THE HONORABLE COURT:

Counsel for Plaintiff, DON McCOMAS ("Plaintiff"), and counsel for Defendants, CITY OF ROHNERT PARK and DAVID RODRIGUEZ ("Defendants"), have met and conferred with regarding the matters to be included in this Joint Case Management Statement and Report of Parties Pursuant to Federal Rules of Civil Procedure, Rule 26(f) and Local Rule 19-9 (this "Statement"); and have prepared the following Statement for the Court's use.

1. **Jurisdiction and Service:**

All parties named in the action have been served. Defendants do not contest jurisdiction or service of process.

2. **Facts and Contentions of the Parties:**

   a. **Plaintiff's position:**

Plaintiff contends that on July 29, 2015, Defendants violated Plaintiff's civil rights. On that date, Plaintiff was standing in his driveway, doing nothing wrong. Defendant, Rohnert Park Police Officer David Rodriguez, pulled up in front of Plaintiff's house in Defendant's police vehicle; exited the vehicle, and approached Plaintiff in a threatening manner with gun drawn. Plaintiff filmed most of the incident on his cell phone, which lasted in excess of 5 minutes.

   b. **Defendants' position:**

Defendants deny that Plaintiff's civil rights were violated. On July 29, 2015 Officer Rodriguez was in Plaintiff's neighborhood performing parking enforcement functions. He saw a man, now identified as Plaintiff, ducking behind a truck. When Officer Rodriguez approached he asked Plaintiff to remove his hand from his pants pocket, where there was a large bulge, but Plaintiff said, "No." At that point Officer Rodriguez unholstered his weapon and Plaintiff in turn removed his hand from his pocket along with various items. After some further conversation, the encounter ended peacefully.

3. **Legal Issues:**

   a. **Plaintiff's position:**

Plaintiff contends that Defendant Rodriguez's conduct violated Plaintiff's Right to Freedom of Speech, Assembly and Association under the First and Fourteenth Amendments of the US Constitution and 42 U.S.C.§ 1983.

Plaintiff further contends that Defendant, the City of Rohnert Park, is liable for Defendant Rodriguez's acts pursuant to the U.S. Supreme Court's holding in *Monell v. Department of Social*

*Services*, 436 U.S. 658 (1978).

    b. **Defendants' position:**

Defendants deny that Officer Rodriguez's conduct violated Plaintiff's Right to Freedom of Speech, Assembly and Association under the First and Fourteenth Amendments of the US Constitution and 42 U.S.C.§ 1983. Officer Rodriguez lawfully approached Plaintiff and lawfully issued a safety command. When his command was denied, he lawfully unholstered his weapon for safety reasons. None of Plaintiff's rights were violated.

Since Plaintiff's rights were not violated, the City of Rohnert Park has no liability under *Monell v. Department of Social Services,* 436 U.S. 658 (1978). Further, Plaintiff has not identified any department policy that could be responsible for a violation of constitutional rights.

**4. Motions:**

There are no prior or pending motions. Defendants intend to file a motion for summary judgment in accordance with the Court's scheduling order.

**5. Amendment of Pleadings:**

Plaintiff does not intend or have reason to believe that he will amend his pleadings at this time.

Defendants do not intend to amend their pleadings at this time.

**6. Evidence Preservation:**

All parties are complying in good faith with their obligations to preserve potentially relevant evidence.

**7. Disclosures:**

Rule 26(a)(1) disclosures are due August 15, 2016 and will be made contemporaneously with the filing of this report.

**8. Discovery:**

    a. **Discovery Taken to Date.**

Plaintiff will propound his First Set of Requests for Production on Defendant City of Rohnert Park immediately following the parties' 26(f) conference, along with a notice of subpoena and subpoena for production of documents directed to the District Attorney for the County of Sonoma.

Defendants have not propounded any discovery as of the date of this statement.

    b. **The Scope of Anticipated Discovery.**

The Parties anticipate depositions, interrogatories, documents requests, and other fact and expert discovery as available under the FRCP and Local Rules.

    c. **Proposed Limitations or Modifications to the Discovery Rules.**

At the present time, the Parties do not anticipate limitations or modifications to the discovery rules.

    d. **Possible stipulated e-discovery order.**

The parties have not considered entering into a stipulated e-discover order.

    e. **Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f).**

        (i) **Rule 26(f)(3)(A) - What Changes Should Be Made in the Timing, Form, or Requirement for Disclosures Under Rule 26(A), Including a Statement of When Initial Disclosures Were Made or Will Be Made.**

The parties propose no changes to the timing, form or requirements for disclosure under Rule 26(a).

The parties agree to exchange Initial Disclosures at or within 14 days after the parties' Rule 26(f) conference pursuant to Rule 26(a)(1)(C).

        (ii) **Rule 26(f)(3)(B) - The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues.**

        1. **Plaintiff's position:**

Plaintiff needs to take discovery regarding the actions of Defendant David Rodriguez which are the subject of this action, as well as the policies, customs, practices, officer screening, training, supervision, and discipline practices of Defendant City of Rohnert Park, and any other matters which may become evident.

        2. **Defendants' position:**

Defendants anticipate discovery regarding Plaintiff's actions immediately prior to and during the encounter. Plaintiff has suggested a theory that Officer Rodriguez's actions were motivated by prior interactions between the Department and members of the McComas family. To the extent that these prior interactions are put at issue, Defendants, will need to conduct discovery regarding these prior interactions and Plaintiffs contentions regarding the same.

The parties propose that discovery be completed on or before April 1, 2017.

-4-
JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO F.R.C.P. RULE 26(f)

The parties do not propose conducting discovery in phases or limiting discovery to particular issues.

        (iii) **Rule 26(f)(3)(C) - Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced.**

The parties agree that for any electronically stored information that such information may be produced in tangible form in an organized manner on CDs or DVDs in readable format for standard programs for Windows-based operating systems (e.g., Microsoft Windows, Adobe Acrobat, etc.).

In addition, at the election of a party, with the consent of the other party, not to be unreasonably withheld, and considering the volume of information to be exchanged, the producing party may elect to produce such information by printing the files as documents and Bates numbering the documents.

In any event, the parties agree to produce information in a manner such that it may be easily reviewed and identified by the receiving party and the Court.

        (iv) **Rule 26(f)(3)(D) - Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including — if the Parties Agree on a Procedure to Assert These Claims After Production — Whether to Ask the Court to Include Their Agreement in an Order.**

The parties do not anticipate any particular, non-standard issues with respect to claims of privilege that may be asserted in this action at this time. The parties do not anticipate executing any stipulated protective order at this time.

        (v) **Rule 26(f)(3)(E) - What Changes Should Be Made in the Limitations on Discovery Imposed Under These Rules or By Local Rule, and What Other Limitations Should Be Imposed.**

The parties do not anticipate any particular, non-standard issues that may require modifying or limiting the federal or local discovery rules.

        (vi) **Rule 26(f)(3)(F) - Any Other Orders That the Court Should Issue Under Rule 26(C) Or Under Rule 16(b) and (c).**

The parties do not propose that the Court issue any additional orders regarding protective orders under Rule 26(c), scheduling orders under Rule 16(b), or requirements for the pretrial

conference under Rule 16(c) other than those contemplated herein.

      f.    **Identified discovery disputes.**

No discovery disputes have been identified by the parties thus far.

9. **Class actions.**

This is not a class action.

10. **Related Cases:**

The Parties are not aware of any related cases pending in any jurisdiction.

11. **Relief:**

Plaintiff seeks an injunction, compensatory and exemplary damages, and an award of costs and attorney's fees pursuant to 42 U.S.C. §§1920 and 1988.

12. **Settlement and ADR:**

The parties have stipulated to Early Neutral Evaluation.

13. **Consent to Magistrate Judge for All Purposes:**

Plaintiff does not consent to have a magistrate judge. Defendants would be willing to conduct all further proceedings before a magistrate judge.

14. **Other References:**

This case is not appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

The Parties do not believe that any issues can be narrowed at this time.

16. **Expedited Schedule:**

The Parties do not believe this case can be expedited at this point.

17. **Scheduling.**

The parties request a trial date in May 2017, or as soon thereafter as is available to the court, with all discovery cut offs, expert disclosures and dispositive motion deadlines to be set in accordance therewith.

18. **Trial:**

Plaintiff and Defendant have demanded a jury trial. Plaintiff estimates that a trial in this matter will take approximately one week. Defendant estimates that the trial can be completed in three days.

JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO F.R.C.P. RULE 26(f)

19. **Disclosure of Non-Party Interested Entities or Persons:**

The Parties have filed respective "Certification of Interested Entities or Persons." No interested entities or persons were disclosed.

20. **Professional Conduct.**

Plaintiff's counsel/All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Proposed Case Schedule Chart:**

The key dates noted above are set forth, for the Court's convenience, in the following chart.

| *EVENT* | *PROPOSED DATE* |
|---|---|
| Fact Discovery Cutoff | 150 days before trial |
| Expert Designation | 140 days before trial |
| Supplemental Expert Designation | 130 days before trial |
| Expert Discovery Cutoff | 90 days before trial |
| Last Day to File Dispositive Motions | 90 days before trial |
| Pretrial Conference | 14 days before trial, or at the Court's convenience |
| Trial | May 2017, or at the Court's convenience |

Dated: August 15, 2016               Respectfully submitted,

                                     **BECK LAW, P.C.**

                                     By:    /s/ *Daniel B. Beck, Esq.*
                                            Daniel B. Beck, Esq.
                                            Attorneys for Plaintiff, DON McCOMAS

Dated: August 15, 2016               Respectfully submitted,
                                     GEARY, SHEA, O'DONNELL, GRATTAN &
                                     MITCHELL, P.C.

                                     By:    /s/ *Raymond J. Fullerton, Esq*
                                            Raymond J. Fullerton, Esq.
                                            Attorneys for Defendants
                                            CITY OF ROHNERT PARK and DAVID
                                            RODRIGUEZ

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the City and County of Sonoma, California. I am over the age of 18 and not a party to the within action. My business address is 2681 Cleveland Avenue, Santa Rosa, CA 95403

On the date set forth below, I served the following document(s) described as:

**JOINT CASE MANAGEMENT STATEMENT AND REPORT OF PARTIES PURSUANT TO F.R.C.P., RULE 26(f)**

On the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Raymond J. Fullerton, Esq.<br>GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.<br>90 S. E Street, Suite 300<br>Santa Rosa, CA 95404 | Tel: (707) 545-1660<br>Fax: (707) 545-1876<br>Email: | Attorneys for Defendants CITY OF ROHNERT PARK and DAVID RODRIGUEZ |

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger will be filed under separate cover.

☐ (FACSIMILE) I caused such document to be delivered by telecopy transmission to the offices of the addressee and received a transmission confirmation thereof.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to

-8-
JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO F.R.C.P. RULE 26(f)

the persons at the e-mail addresses listed, I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addresses listed above by electronic mail at the email address(es) set forth above pursuant to Fed. R. Civ. P. 5. (d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed. R. Civ.P.5.(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 15, 2016, at Santa Rosa, California.

\_\_Tina Vasques\_\_\_\_  \_\_\_\_/s/ Tina Vasques_____
(Type or print name)