UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MCCOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ROHNERT PARK, et al.,<br><br>    Defendants. | Case No. 16-cv-02705-TEH   (KAW)<br><br>**ORDER TERMINATING MOTION TO QUASH; ORDER REQUIRING PARTIES TO SUBMIT A JOINT LETTER**<br><br>Re: Dkt. No. 22 |

On September 16, 2016, Plaintiff filed a motion to quash Defendant's subpoena for Plaintiff's personnel file from his employer RPM Automotive. (Dkt. No. 22). On September 20, 2016, this case was referred to U.S. Magistrate Judge Kandis A. Westmore for discovery purposes.

Pursuant to the undersigned's standing order, discovery disputes between the parties must be addressed in a joint letter. (Judge Westmore's General Standing Order ¶ 13.) Accordingly, The Court TERMINATES the motion to quash and orders the parties to meet and confer in good faith to resolve the dispute without further court intervention. Should those efforts fail to fully resolve the remaining dispute, the parties shall file a joint letter not to exceed five pages, in which they provide a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority. *Id.* Additionally, the parties should attach the subpoena as an exhibit to the joint letter, which shall be tabbed and physically attached with a staple or brads.

To aid the parties in their meet and confer efforts, and with only the benefit of reviewing Plaintiff's complaint and the motion to quash, the Court has difficulty believing that Plaintiff's entire personnel file is discoverable. Notwithstanding, Plaintiff's claims of emotional and physical distress likely require discovery regarding his medical history, including how it affected

1   his employment, if at all, both prior to and following the incident.

2       Additionally, any confidential information ultimately produced may be subject to a
3   protective order, so the parties are ordered to meet and confer regarding entering into a stipulated
4   protective order. *See* Northern District's Model Stipulated Protective Order for Standard Litigation
5   (available at *https://cand.uscourts.gov/model-protective-orders*).  Any stipulated protective order
6   must be accompanied by a declaration indicating whether the parties are using a model protective
7   order or a modified protective order. (*See* Judge Westmore's General Standing Order ¶ 11.)

8       IT IS SO ORDERED.

9   Dated: September 28, 2016

                                                              KANDIS A. WESTMORE
                                                               United States Magistrate Judge