RAYMOND J. FULLERTON, ESQ., SBN 219264
MAGDALENA R. MCQUILLA, ESQ., SBN 307578
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
90 South E Street, Suite 300
Santa Rosa, California  95404
Telephone:  (707) 545-1660
Facsimile:   (707) 545-1876

Attorneys for Defendants
CITY OF ROHNERT PARK and DAVID RODRIGUEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON McCOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ROHNERT PARK and DAVID RODRIGUEZ,<br><br>    Defendants. | CASE NO.: 16-cv-02705-TEH<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 3, 2017<br>Time: 10:00 a.m.<br>Courtroom 2, 17th Floor<br>Honorable Thelton E. Henderson |

I.

Introduction

In opposition to Defendants' Motion for Summary Judgment, Plaintiff seeks to raise issues of material fact regarding matters outside the scope of the operative pleading.  But the issue presented here is narrow: whether an officer's unholstering of a weapon in response to a subject's refusal of a reasonable safety command violates the First Amendment where the subject is engaged in protected speech.   In this case, the entire interaction is on video.  Thus, there is no dispute as to the sequence of events.  Because the officer's actions were in direct response to a potential threat created by Plaintiff, no constitutional violation occurred.  At a minimum, the officer is entitled to qualified immunity because there is no clearly established authority that prevents on officer from taking safety measures when interacting with a subject engaged in First Amendment activity.  Accordingly, summary judgment is proper.

II.

Constitutional Issue Framed by the Pleadings

In opposition, Plaintiff accuses defendants of "attempt[ing] to narrow the scope of the encounter to the question of whether Officer Rodriguez was justified in removing his weapon." (Op. p.12:21-23) But the constitutional issue presented is defined by plaintiff's own complaint. Plaintiff alleges that Officer David Rodriguez violated his First Amendment rights "by repeatedly threatening Plaintiff with a firearm in retaliation for Plaintiff's exercise of his free speech and . . . his right to record police activity." (Compl. ¶29) According to the complaint, Officer Rodriguez "repeatedly threaten[ed] Plaintiff with a firearm" when he "removed his firearm from its holster and held it in a ready position as he advanced towards Plaintiff" and "continued to approach Mr. McComas with his gun drawn" as Plaintiff "retreated in fear." (Compl. ¶¶ 21—24). Plaintiff neither alleges that the officer's approach violated Plaintiff's First Amendment rights, nor offers any authority to suggest that this would be actionable. The pleadings represent the outer materiality of issues raised on summary judgment. Thus, the only pertinent inquiry is whether the officer's unholstering of his weapon represents a constitutional deprivation based on the undisputed facts established by the video of the entire encounter.

III.

Factual issues raised by Plaintiff in Opposition

Given that the entire interaction at issue was recorded, there can be no factual dispute as to what occurred between McComas and Officer Rodriguez. Nonetheless, Plaintiff's characterization of the interaction is inconsistent with the video in several significant ways. Additionally, Plaintiff raises several additional facts that are not material to the claims alleged. Many of these additional facts are also inconsistent with the evidence in the record.

*Material Facts Regarding the Alleged Violation: Unholstering of the Officer's Weapon*

Plaintiff attempts to raise issues of material facts by confusing the sequence of events in the seconds immediately before and after Officer Rodriguez unholstered his weapon. However, the sequence is clearly portrayed on the video of the incident. Inconsistencies in Plaintiff's opposition brief include the following:

Law Offices of
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

- Plaintiff begins by arguing that the officer "got out of his car to confront Mr. McComas in a hostile and taunting manner with his gun, even though all Mr. McComas was doing was filming the encounter with his phone." (Opp. p.3:9-10). But as demonstrated in the video and admitted by Plaintiff in deposition, he was not *only* filming – he put his hand into his pocket as soon as Officer Rodriguez got out of his vehicle, and he then refused to take it out when the officer told him to. (Video, 2:14-18; McComas Depo. 76:19—21; 78:21—79:21)
- Plaintiff characterizes Officer Rodriguez as issuing his safety command "while withdrawing the gun from the holster." (Opp. p.6:2-3) He later states, "[t]he Officer got out of the car, pulled his gun out, and ordered Mr. McComas to take his hand out of his pocket." (Opp. p.9:5-6). But the officer did not withdraw his weapon until after he had made his safety command, Plaintiff verbally refused ("No"), and further stated ("I've done nothing, I've done absolutely nothing"). (Video, 2:15-17) Only as Plaintiff stated his refusal a second time ("No") did the officer unholster his weapon. (Video, 2:17-18).
- Plaintiff states that he began backing away upon seeing the gun. (Opp. p. 6:6). But the video plainly shows that, upon seeing the gun, Plaintiff first command the officer to put the gun down, then removed his hand from his pocket, producing a phone that he placed onto the hood of the truck. He then reached his hand back into his pocket to grab a set of keys which he also placed onto the hood of the truck. (Video, 2:19-24; McComas Depo. 81:14—19) Only after that sequence of actions did Plaintiff begin to move backwards. (Video, 2:25).

In addition to misstating the proper sequence of events, Plaintiff omits important facts and offers no explanation in opposition. For example:

- Plaintiff omits the undisputed fact that Plaintiff placed his hand into his pocket as soon as the officer began to get out of his vehicle (McComas Depo. 76:19—21; 78:21—79:12), and describes the officer as unsnapping his weapon's holster "almost immediately" after getting out of his car and approaching Plaintiff. (Opp. p.6:1-2); But

LAW OFFICES OF
Geary,
Shea,
O'donnell,
Grattan &
Mitchell
p.c.

the photograph and Plaintiff's testimony established that McComas did not initially have his hand in his pocket and that the pocket clearly contained bulky item(s). Further, there is no "snap" on the officer's holster and he only put his hand on his holster when he told Plaintiff to remove his hand from his pocket – thus, plaintiff's move into his pocket necessarily occurred first. (Video, 2:14)

- Finally, Plaintiff's states that he began to back away from the officer while saying, "You don't touch me," and "go away" (Opp. p.6:6-7), and that the officer did not reholster his weapon but "instead raised it somewhat and pointed it toward Mr. McComas even though he had already removed all items from his pocket." (Opp. p.6:7-9). But Plaintiff omits the fact that, after Plaintiff removed items from his pocket, he raised his hand toward the officer and began moving towards the back of the truck. (Video, 2:25) It was at this exact moment, as Plaintiff raised his hand towards the officer, that the officer briefly held his weapon in a low-ready position. (Video, 2:25) The officer then moved sideways and lowered his weapon as Plaintiff continued to move towards the back of the truck with his hand still extended and pointed at the officer. (Video, 2:25-27)

These facts and this sequence of events are undisputable, as they are shown clearly on the video of the encounter.

*Additional Facts*

Plaintiff raises several additional facts relating to matters that occurred before and after the interaction, many of which are also inconsistent with the documentary evidence. For example he questions why the officer was in the neighborhood when dispatch records demonstrate that the officer was running plates on various vehicles. He points out errors in the informational report. But it was prepared the following day and the video is the only relevant evidence of the encounter. And his description of movements by the police vehicle are contradicted by his own deposition testimony. (McComas Depo p.55:4-19.) But these additional facts are not material because they do not bear on the constitutional violation alleged.

Disputes as to immaterial issues of fact do not preclude summary judgment. *Lynn v. Sheet Metal Workers Int'l Ass'n*, 804 F.2d 1472, 1478 (9th Cir. 1986) "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment . . . [The nonmoving party] must produce at least some 'significant probative evidence tending to support the complaint.'" *T W Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

IV.

Legal Discussion

**A.  The undisputed facts demonstrate that the officer was motivated to unholster his weapon by safety concerns, and not because of Plaintiff's First Amendment activity.**

Plaintiff offers a series of allegedly disputed facts regarding the officer's motivations for being on the street and why he approached Plaintiff in the first place, but none of those facts are relevant to the question of why the officer unholstered his weapon. As to this question, the facts are undisputed. The video establishes that Officer Rodriguez unholstered his weapon in response to the unexpected changed circumstances of Plaintiff placing his hand in a pocket that clearly contained items, and then refusing a safety command from the officer for plaintiff to remove his hand. The cause and effect of these actions by Plaintiff are separate and apart from his First Amendment activity and the officer's response was reasonable under the circumstances.

At best, Plaintiff's allegedly disputed issues of fact could raise a question as to the officer' motivation to approach Plaintiff in the first place. But (1) the officer's decision to talk to Plaintiff is not the deprivation alleged; (2) an officer approaching a person to talk would not chill a person of ordinary firmness; and (3) without more, the mere presence of an officer cannot be a constitutional violation. Plaintiff's argument seems to suggest the contrary. But the fact that a person is engaged

Law Offices of
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

in First Amendment activity does not prevent an officer from conducting an investigation into suspicious activity, or simply approaching a person to talk.

In this case, before the officer even had a chance to speak, Plaintiff placed his hand into a bulging pocket. The officer was compelled to address this potential threat before engaging in a conversation. Plaintiff not only refused the request, he quickly became agitated – a response that was disproportionate to the officer's request. It is undisputed that Officer Rodriguez had never met Plaintiff before and was unaware that his son was in the midst of legal difficulties. (Rodriguez Decl. ¶ 22.) Thus, the officer was not aware of any circumstances that would explain the Plaintiff's demeanor. The officer's reaction to Plaintiff's refusal of the safety command, and subsequent movements around the vehicle was consistent with his training and experience and was necessary to ensure the officer's safety. (Rodriguez Decl. ¶ 15-17.) The officer said nothing in an attempt to dissuade Plaintiff from filming. (See Video) Thus, the undisputed facts establish that the officer was reacting to a rapidly evolving situation. Under these circumstances, there is no constitutional violation.

**B. Plaintiff fails to offer any factual or legal basis to avoid summary judgment based on the final factor of the First Amendment analysis: whether the officer would have taken the same action even in the absence of protected conduct. Given that the conduct complained of was taken in direct response to plaintiff's provocative action of placing his hand in a pocket that plainly contained large objects and initially refusing to remove it, it cannot form the basis of a First Amendment claim.**

The final factor in the retaliation test is whether the officer would have taken the same action even in the absence of the protected conduct. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir. 2001); *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). This framework for evaluating retaliation claims arose in public employee cases and has also been applied in student speech cases, but it is not limited to those contexts. *Ibid.*; *O'Brien*, *supra*, 818 F.3d at 933. Plaintiff's opposition, however, failed to address Defendants' arguments regarding this final factor. Plaintiff has thus conceded this point or waived argument in opposition, and the court may deny the claim on that basis. *See Jenkins v. City of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005); *Coufal Abogados v. AT&T*, Inc., 223 F.3d 932, 937 (9th Cir. 2000); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

1197, 1210 n.8 (N.D. Cal. 2013).

Even if Plaintiff is not deemed to waived his argument on this issue, the undisputed facts of the case make it clear that the Officer would have taken the same action in the absence of the protected activity. Officer Rodriguez lawfully approached Plaintiff. *See Desyllas v. Bernstine*, 351 F.3d 934, 940 (9th Cir. 2003). Plaintiff's hands were initially exposed. As the Officer got out of his vehicle, however, Plaintiff put his hand into his pocket. This changed circumstance would cause any officer to have concern for his safety. Still, the officer did not unholster his weapon at that point but simply asked Plaintiff to take his hand out of his pocket. Plaintiff refused. Only then did Officer Rodriguez unholster his weapon. When an officer is justified by reasonable suspicion to believe that a person he is contacting is armed and presently dangerous to the officer or others, it is "unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." *Terry v. Ohio*, 392 U.S. 1, 23 (1968); *United States v. Orman*, 486 F.3d 1170, 1174 (9th Cir. 2007). The undisputed facts demonstrate that the plaintiff's refusal to obey the officer's lawful command motivated the alleged violation.

**C.  Officer Rodriguez is entitled to qualified immunity because no legal authority exists that clearly establishes a right to refuse valid safety commands.**

To determine if a right is clearly established, it must be defined at the appropriate level of specificity. *Wilson v. Layne*, 526 U.S. 603, 615 (1999). The "clearly established" standard mandates that the right allegedly violated must be particularized to the facts of the case. *White v. Pauly*, 137 S.Ct. 548, 552 (2017). To demonstrate a violation, a case must be identified in which an officer acting under similar circumstances was held to have violated the First Amendment, because the allegation of an abstract right is not sufficient. *Ibid*. An officer is entitled to qualified immunity unless existing case law "squarely governs" the facts of the instant case. *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015).

Here, Plaintiff has failed to identify a single case in which a court has held that a police officer violated the First Amendment by unholstering his weapon in response to a subject's refusal to obey the officer's valid safety command. Nor does Plaintiff identify any case that holds an

officer to be in violation of the First Amendment under similar circumstances. Instead, Plaintiff asserts only that it is clearly established that a person has the right to film a police officer — a proposition that Defendants do not dispute. Without placing that right into the specific circumstances of this case, however, the right exists only in the abstract. Since no existing case law squarely governs the facts of this case, Officer Rodriguez is entitled to qualified immunity.

Plaintiff cites two cases that recognize the right to film police activity, but neither addresses the facts of this case. In *Fordyce*, the officer was alleged to have assaulted and battered the plaintiff by smashing his camera into his face. *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995). In *Adkins*, an appeal from a motion to dismiss, the plaintiff alleged that he was arrested without probable cause as he took pictures of an accident. *Adkins v. Limtiaco*, 537 Fed. Appx. 721, 722 (9th Cir. 2013). Neither case addresses a situation in which an officer approaches a subject who is engaged in a First Amendment activity but who then puts his hand in his pocket, creating reasonable suspicion that he poses a danger or possesses a weapon, and then refuses the officer's safety command, prompting the officer to unholster his weapon.

There is no authority that indicates that a right exists to ignore an officer's lawful command, simply because a person happens to be engaged in a First Amendment activity. Nor is there authority that holds that an officer who unholsters his weapon in response to an apparent threat from a subject violates the First Amendment if the person is also engaged in protected speech. But the Ninth Circuit has ruled that the refusal to obey a police officer's lawful instructions is not an expression protected by the First Amendment. *Young v. County of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011). Thus, it would not be clear to a reasonable officer that the actions taken by Officer Rodriguez would violate a clearly established right. Qualified immunity is appropriate.

V.

Conclusion

Defendants do not dispute that Plaintiff had the right to film police activity. And, in fact, this was not disputed by the officer at the scene. The officer said nothing to dissuade the filming. The officer had every right to approach the plaintiff to inquire as to what he considered unusual activity in a residential neighborhood in the middle of the day. But once the officer exited his

LAW OFFICES OF
Geary,
Shea,
O'donnell,
Grattan &
mitchell
p.c.

vehicle, he was confronted with changed circumstances. Plaintiff placed his hand into a bulging pocket. When the officer asked him to remove his hand, plaintiff said "no" and became agitated. The officer's unholstering of his weapon was due to Plaintiff's refusal of a valid safety command. Plaintiff's refusal is not protected speech and the officer's unholstering his weapon to protect himself from a potential threat is not actionable. Accordingly, summary judgment is proper.

DATED: March 13, 2017      GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

By    /s/ *Raymond J. Fullerton*
      RAYMOND J. FULLERTON
      Attorneys for Defendants
      CITY OF ROHNERT PARK and
      DAVID RODRIGUEZ